OCTOBER 7, 1980

PROPOSED AMENDMENT OF GCR 1963, 955 AND 970. On order of the Court, this is to advise that the Court is considering a proposal to amend GCR 1963, 955 and 970. Before determining whether it should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal, the text of which is as follows:

(The present language is to be repealed and replaced by the following language unless otherwise indicated below:)

RULE 955. TYPES OF DISCIPLINE.

Misconduct is grounds for:

(1) revocation of the license to practice law in Michigan;

(2) suspension of the license to practice law in Michigan for a specified term and, if the term exceeds 120 days, until the further order of the Supreme Court, a hearing panel, or the board;

(3) reprimand by a hearing panel, the board, or the Supreme Court; or

(4) probation ordered by a hearing panel, the board, or the Supreme Court under subrule 970.3.

With the respondent's consent, the administrator may admonish the respondent without filing a complaint.

RULE 970. ATTORNEY DECLARED TO BE INCOMPETENT OR ALLEGED TO BE INCAPACITATED OR ASSERTING IMPAIRED ABILITY.

.1—.2 (Unchanged.)

.3 Assertion of Impaired Ability; Probation.

(a) If, in response to a formal complaint filed under subrule 964.2, the respondent asserts in mitigation and thereafter demonstrates by satisfactory proof that

(1) during the period when the conduct which is the subject of the complaint occurred, his or her ability to practice law competently was materially impaired by reason of physical or mental disability or drug or alcohol addiction,

(2) the impairment was the cause of or substantially contributed to that conduct,

(3) the cause of the impairment is susceptible to treatment, and

(4) he or she in good faith intends to undergo treatment, and submits a detailed plan for such treatment,

the hearing panel, the board, or the court may enter an order placing the respondent on probation for a specific period not to exceed two years.

(b) The probation order may

(1) specify the treatment the respondent is to undergo,

(2) require the respondent to practice law only under the direct supervision of other lawyers, or

(3) include any other terms the evidence shows are likely to eliminate the impairment without subjecting the respondent's clients or the public to a substantial risk of harm because the respondent is permitted to continue to practice law during the probation period.

(c) The probation order expires on the date specified in it unless the administrator petitions for, and the hearing panel, board, or court grants an extension. An extension may not exceed two years. A probation order may be dissolved if the respondent demonstrates that the impairment giving rise to the probation order has been removed and that the probation order has been fully complied with, but only one motion to accelerate dissolution of a probation order may be filed during the probation period.

(d) On proof that a respondent has violated a probation order, he or she must be suspended or disbarred.

.4—.6 (Formerly .3—.5, renumbered but otherwise unchanged.)

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the

notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 30 days after it is published in the State Bar Journal.

*Staff Comment:* The proposed new GCR 970.3 provides for the imposition of probation as an alternative form of discipline in attorney disciplinary proceedings where it is demonstrated that during the period in which the conduct which is the subject of the formal complaint occurred, the respondent's ability to practice law competently was materially impaired by reason of physical or mental disability or drugs or alcohol addiction, the impairment was the cause of or substantially contributed to the conduct, the cause of the impairment can be treated, and the respondent in good faith intends to undergo such treatment and submits a detailed plan for such treatment.

The proposed amendment to GCR 955 merely implements the new GCR 970.3 by adding probation to the list of the types of discipline that may be imposed for attorney misconduct.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.